LUSCRE *v.* LUSCRE.

(No. 190203—Decided May 14, 1974.)

Common Pleas Court of Mahoning County.

*Ms. Leda Hartwell* and *Mr. William F. Stoll*, for plaintiff.

*Mr. Joseph E. Vouros* and *Ms. Violet J. Tarcai*, for defendant.

LESKOVYANSKY, J. This cause was heard on the motion filed on January 14, 1974 to "Amend the Judgment Entry of December 23, 1970," rendered by the Mahoning County Court of Common Pleas, Division of Domestic Relations.

The court is asked to make a reformation and amendment of the judgment entry under Rule 60 of the Rules of Civil Procedure, which reads as follows:

"(A) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

"(B) *Mistakes; inadvertance; excusable neglect, new-*

*ly discovered evidence; fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order or proceeding for the following reasons: (1) mistake, inadvertance, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospectve application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken. A motion under this subdivision (B) does not effect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

To further understand this matter and the respective position of the court and the parties, it will be necessary to develop the facts fully here.

The decedent, Tony Luscre, filed his petition for divorce against the defendant, Mary Luscre, in the Mahoning County Court of Common Pleas on February 16, 1970.

The movant, in the within motion, is the executrix of the testator, Tony Luscre, who died on October 20, 1973.

Among the documents found among the testator's possessions was a quit-claim deed to lot 24, Volusia County, Florida from Mary Luscre.

Inquiry to the authorities of Volusia County, Florida by the executrix revealed that lot 24 was sold to other parties at a date earlier than the divorce decree of the decedent and the defendant, and the quit-claim deed.

Further investigation revealed that other real property, lot 18, Volusia County, Florida, was still titled in the name

of "Tony Luscre and Mary Luscre * * * as tenants by the entireties with right to survivorship. * * *."

In the petition of divorce we find no description of any real property.

In the answer and cross-petition filed by the defendant in the divorce action, we note a reference to "joint ownership of real estate at 189 East Midlothian Boulevard, Youngstown, Ohio." No other real estate is mentioned, none described.

Both the decedent and the defendant were represented by respective counsel in the divorce action.

The judgment entry of December 23, 1970, among other things, provided:

"It is further ordered that the plaintiff be and he hereby is awarded the following described real estate, to-wit:

"*PARCEL NO. 1*:

"Situated in the City of Youngstown, County Of Mahoning and State of Ohio;

"And known as being Youngstown City Lots No. 33015 and 33016 according to the latest enumeration of lots in said city in Replat of the H. W. Davis Land Co., a Re-Subdivision of a part of Original Boardman Township Great Lot No. 2, 3rd Division, as shown by the recorded plat of said Re-Subdivision in Volume 18 maps, Page 110 Mahoning County Records.

"Said Youngstown City Lots No. 33015 and 33016, together from a parcel of land having a frontage of 92.73 on the southerly side of Midlothian Boulevard, and extending back between parallel lines 200 feet on the easterly line, 200 feet on the westerly line and having a rear line of 91.88 feet, as appears by said plat, be the same more or less, but subjected to all legal highways.

"*PARCEL NO. 2*:

"Situated in the County of Volusia and State of Florida and described as follows:

"Lot 24, and the Northerly 17 feet of Lot 23, Block 60 Map of Allendale, as per map in Map Book 4, page 146 of the Public Records of Volusia County, Florida,

and that said defendant is hereby ordered to convey said

premises and the improvements thereon, and all the appurtenances thereto appertaining and belonging, to said plaintiff, his heirs and assigns forever, by a good and sufficient deed in fee simple, free from any right or claim of said defendant to any estate by the dower, or otherwise, therein. And it is further ordered that upon the failure of said defendant to execute said conveyance within (10) days from the entry hereof, that this decree shall operate as such conveyance, and in that case it is ordered that the Clerk of Courts cause so much of this decree to be recorded in the Office of the Recorder of this County and any other county and state as will show such change of title.

"It is further ordered that the plaintiff shall assume and pay the balance due on the mortgage on said real estate, and that he shall save defendant harmless from any obligation thereunder."

Pursuant to the journal entry of December 23, 1970, the defendant did sign two quit-claim deeds on or about January 18, 1971, quit-claiming any interest which she might have in the East Midlothian property in Youngstown, Ohio and in lot 24, Volusia County, Florida.

The decedent did, the records reveal, record the quit-claim deed signed by the defendant to the Midlothian Boulevard property on March 10, 1971.

It is the position of the plaintiff, the movant of the motion, that reformation of the judgment entry of December 23, 1970, should be made because to let the entry remain as is would be inequitable, unjust, and otherwise not proper; and that the defendant would be "unjustly enriched."

Plaintiff seeks relief under Rule 60(B)(4) and B(5).

The defendant has opposed the position of the plaintiff, claiming that this court lacks power to grant the relief prayed for; namely, the reformation and amendment of the judgment entry of December 23, 1970.

The first question before this court is whether this court possesses power under the Rules of Civil Procedure to make the reformation and amendment of this judgment entry.

As a matter of law, Rule 60 B (1), (2), and (3) provide for a one year statute of limitations, and this court would be inhibited under these sections to grant relief after judgment in any situation after the one year limitation, and that in the event either B (4) or B (5) is applicable then the one year limitation is not restrictive of amendment.

Under the provisions of B (4) ''that to give this judgment prospective application, it would be unfair to the parties'' is truly the strongest argument that can be advanced in favor of the movant of the motion; inasmuch as no one who was not a party to the original action is having his rights interfered with since there has been no transfer of, or attempt to transfer, this property. This court cannot and does not subscribe to the position that this provision allows the amendment; because it appears that the strong position advanced by the rules which provides that even in the case of fraud, whether it be extrinsic or intrinsic, that the one year rule applies, does require this court to say that certainly when they make a ''mistake'' we cannot under the cover of not giving prospective application find cause to amend the judgment entry.

As to Section B (5) giving the court ''any other reason justifying relief from judgment,'' the question is raised whether these words give this court a ''carte blanche'' or, within proper discretion the right to modify the judgment for any reason that the court might deem reasonable and proper as was perhaps the custom in nunc pro tunc practice.

Rule 60, Rules of Civil Procedure follows the federal rules, and we find, in reading the citations under the federal rule, B (5) limited to a very narrow application and it has been held that it may not be used as a substitute for one of the first three grounds.

Here it is obvious that a ''mistake'' was made at the time of drawing the pleadings and the judgment entry.

The parties obviously intended to refer to lot 18 which they did own and not lot 24 which they had conveyed; it is therefore the finding of this court that the parties erred and thus made a ''mistake'' within the meaning of Section 60B(1) and have failed within one year to seek relief,

therefore this court is without authority to grant that motion.

There was much made in brief and argument with regard to why the testator did not file the deed to lot 24 during his lifetime. Obviously, what he did or did not do with an invalid deed does not matter and further attempt to incorporate into arguments his reasoning was and is inconsequential, and even absent the above, consider the dead man's statute.

The court must make the further observation that the judgment entry specifically provides that this judgment entry shall be a conveyance (see above). So it is plain to see that no deed of any kind was necessary or would have been necessary, absent the "mistake" in the pleadings and judgment entry which was furnished to the lawyers by their clients.

It is therefore, ordered, adjudged, and decreed, that the motion to amend the judgment entry of December 23, 1970 is hereby overruled.

*Motion overruled.*