OPINION.
Plaintiffs-appellants, Claims Management Services, Inc., and James Cumbee, filed suit against defendant-appellee, Fred Tate, and his daughter, Tammi Tate, with respect to an automobile accident. Appellants served the complaint on appellee at his residence. Another of appellee's daughters, an adult who did not reside with appellee, signed the certified mail receipt. Appellee failed to answer or otherwise appear in the action. Consequently, on August 31, 1998, the trial court granted a default judgment against him.
On October 26, 1999, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which he claimed that he did not receive service of process. After a hearing, the trial court found that appellee did not receive the summons and complaint, but that it was "intercepted by the co-defendant." It granted appellee's Civ.R. 60(B) motion, holding that because the court had not obtained personal jurisdiction over appellee, the judgment should be set aside.
In their sole assignment of error, appellants state that the trial court erred in granting appellee's motion for relief from judgment. They argue that service was proper and that appellee's motion was not timely filed. This assignment of error is well taken.
Appellee is correct in the assertion that a default judgment entered without proper service of process is void. State ex rel.Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus; Bank One Cincinnati, N.A. v. Wells
(Sept. 18, 1996), Hamilton App. No. C-950279, unreported. Because a court has inherent power to vacate a void judgment, a party who asserts that the court lacked personal jurisdiction because of improper service of process need not meet the requirements of Civ.R. 60(B). Patton v. Diemer (1988), 35 Ohio St.3d 68, 70,518 N.E.2d 941, 944; Caldwell v. Alston (Oct. 2, 1996), Hamilton App. No. C-950688, unreported. However, a distinction exists between service and actual notice. Valid service exists when the civil rules for obtaining service have been fulfilled. Finnerty v.Achenbach (Feb. 11, 1988), Franklin App. No. 87AP-937, unreported.
"[C]ertified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery." Castellano v.Kosydar (1975), 42 Ohio St.2d 107, 110, 326 N.E.2d 686, 689. Consequently, this court and other courts have held that service is complete when it is delivered to a person other than the defendant at the defendant's address. Michael D. Tully Co.,L.P.A. v. Dollney (1987), 42 Ohio App.3d 138, 140, 537 N.E.2d 242,244-245; Fancher v. Fancher (1982), 8 Ohio App.3d 79, 81,455 N.E.2d 1344, 1346; Donovan v. Middleton (Feb. 17, 1998), Stark App. No. 1997CA00186, unreported; West Publishing Co. v. McCrae
(Nov. 21, 1991), Scioto App. No. 91CA1971, unreported. Because the certified-mail receipt was sent to appellee's address and an adult present at that address signed the receipt, service was complete. Consequently, the default judgment against appellee was not void for lack of personal jurisdiction.
Nevertheless, the propriety of granting appellee's Civ.R. 60(B) motion for relief from judgment is a separate issue. SeeCaldwell, supra. Some courts have held that even though service was proper, the lack of actual notice of the pending suit constitutes excusable neglect, justifying relief from judgment under Civ.R. 60(B)(1). See Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 13-14, 371 N.E.2d 214, 217; Muskingum LivestockSales Co. v. Yakubesin (Nov. 8, 1991), Muskingum App. No. CA-91-10, unreported; Finnerty, supra. Other courts have rejected that argument. See Donovan, supra; West Publishing Co., supra.
However, we need not reach the issue of whether excusable neglect exists in this case, because appellee's motion was not timely filed.
Civ.R. 60(B) requires that a motion seeking relief under subsections (1), (2), or (3) be filed within one year of the entry of the judgment. Strack v. Pelton (1994), 70 Ohio St.3d 172, 175,637 N.E.2d 914, 916. In this case, appellee's motion was filed fourteen months after the judgment was entered, and, therefore, the trial court was without authority to grant his motion. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus; Luscrev. Luscre (C.P. 1974), 45 Ohio Misc. 9, 13-14, 340 N.E.2d 854, 857. Though appellee claimed to be seeking relief under Civ.R. 60(B)(5), the catch-all provision, that provision is not a substitute for the more specific provisions of Civ.R. 60(B).Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105, 316 N.E.2d 469, 476.
Accordingly, we hold that the trial court abused its discretion in granting appellee's Civ.R. 60(B) motion for relief from judgment. See Strack, supra, at 174, 637 N.E.2d at 915. We sustain appellants' assignment of error, reverse the trial court's judgment granting the 60(B) motion and reinstate the original default judgment.
Judgment accordingly.
 WINKLER and SHANNON, JJ., concur.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.