**VAN HEE, Plaintiff-Appllee, v. JACKSON, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22673. Decided February 16, 1953.

John F. Ray, Jr., Cleveland, for plaintiff-appellee.
Max Efros, Cleveland, for defendant-appellant.

### OPINION

PER CURIAM:

This appeal comes to this court on questions of law from an order overruling a motion to vacate a judgment entered for the plaintiff by default.

The record discloses that service was had by U. S. mail and that at the time the letter containing the summons was mailed to what had been

the defendant's Cleveland address, she was then living in California. The letter was forwarded to her in California and was received by her after judgment by default had been taken. The foregoing facts are not in dispute.

Thereafter, she returned to Cleveland and employed counsel to file a petition to vacate the judgment after term. The petition was filed and when it came up for trial, the parties entered into an agreement that the petition to vacate should be dismissed and this defendant would bring another action against Center City Corporation and the entry of the court on the petition to vacate was, "Petition to vacate judgment is dismissed at defendant's request."

Thereafter, counsel for the plaintiff wrote the lawyer then representing defendant a letter in which it was stated that it was their understanding that plaintiff was to take no action upon his judgment until the defendant's rights against the Center City Corporation were determined by action to be begun at once by the defendant unless a third party intervened, the defendant to at once take care of delinquent personal property and sales tax.

Thereafter, the defendant filed a second petition to vacate said judgment which the court overruled and it is this order that is now here on appeal.

It is the contention of the plaintiff that the defendant entered her appearance by filing the first petition to vacate the default judgment and then entering into an agreement to dismiss and in dismising such petition at her request. It is further contended that by such agreement the default judgment became a valid and enforcible judgment.

There can be no doubt but that the judgment when entered was absolutely void for want of service. There is no evidence in the record that in any way disputes the defendant's claim that at the time service by mail was attempted she was not a resident of the city of Cleveland. The judgment being void, the agreement to dismiss the petition to vacate and to withhold attempts to enforce it did not have the effect of giving life to that which did not then exist.

The filing of the petition and appearing in court in person and by counsel did enter the defendant's appearances in the case so that now the court is vested with jurisdiction over her person in this proceeding and is now empowered to try the cause on its merits.

The order of the court overruling the petition to vacate is reversed and the cause remanded with instructions to vacate said judgment and for further proceedings according to law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.