MICHAEL D. TULLY COMPANY, L.P.A., APPELLEE, *v.* DOLLNEY ET AL., APPELLANTS.

(No. 4220—Decided October 14, 1987.)

*James M. Burge,* for appellee.
*Ralph Saron,* for appellants.

MAHONEY, J. Appellants, Raymond and Ila Dollney, appeal from the denial by the Lorain Municipal Court of their motion to vacate a default judgment pursuant to Civ. R. 55(B). We reverse in part and affirm in part.

Facts

On December 16, 1987, the Michael D. Tully Co., L.P.A. ("Tully") filed a two-count complaint against the Dollneys. Tully, an attorney, alleged

that he was hired by the Dollneys to prosecute a personal injury lawsuit. Further, Tully alleged in one count that he and the Dollneys agreed (presumably orally) that Tully would be reimbursed for any expenses advanced to the Dollneys and in the other count that Tully's fee would be one-third of any compensation received by the Dollneys. Tully also alleged that the Dollneys received a settlement offer aggregating to $16,000. Shortly thereafter, Tully learned that the Dollneys rejected the settlement offer and hired another attorney.

Tully served both Raymond and Ila by registered mail. Ila signed for both summonses. The Dollneys did not answer the complaint. On January 19, 1987, Tully was granted a default judgment of $5,791.84 which represented one-third of the total settlement offer made to the Dollneys plus $458.50 in expenses that Tully advanced to the Dollneys.

On February 24, 1987, the Dollneys filed a motion to vacate the default judgment pursuant to Civ. R. 55(B). The Lorain Municipal Court overruled the motion and this appeal followed.

### Assignment of Error I

"The court erred in denying defendants' motion to vacate the default judgment."

Civ. R. 55(B) provides that a default judgment entered pursuant to Civ. R. 55(A) may be set aside in accordance with provisions set forth in Civ. R. 60(B). Civ. R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *"

Furthermore, in *GTE Automatic Electric, Inc.* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus, our Supreme Court set forth a three-part test for the setting aside of a default judgment:

"* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

In determining whether the trial court abused its discretion in denying the motion to vacate the default judgment, we will analyze each part of the *GTE* test in order. The Dollneys' remaining assignments of error each relate to the first part of the *GTE* test.

### Assignments of Error

"II. The court erred in ruling that defendant Raymond Dollney was duly and properly served with a summons and a copy of the complaint merely by service upon his wife, Ila Dollney.

"III. The court erred in ruling that defendants could offer no reasonable defense to plaintiff's claim if the court permitted them to file their respective answers.

"IV. The court erred in ruling that an attorney retained in a

negligence case, to be compensated on a contingency fee of one-third of the sum collected, whose offer of settlement was rejected by the clients and the attorney dismissed as their representative, while the insurance company for the tortfeasor withdrew its offer of settlement, was nevertheless entitled to be paid the full one-third fee, despite the fact that no money had been collected by him.

"V. The court erred in ruling that the plaintiff was 'wrongfully discharged' from the representation of defendants in pursuit of their personal injury claim, instead of ruling that representation in a contingency claim is terminable at the will of either client or attorney.

"VI. The court erred in ruling that a client's refusal to accept the settlement offer recommended by his attorney amounts to a breach of contract."

### Meritorious Defense

As a defense to the original action, Raymond Dollney alleges he was not properly served with summons in that he never personally received the summons. In their affidavit, the Dollneys allege that Ila received the summonses at their residence by registered mail. However, after Ila signed for the registered letters, Ila threw the letters away without opening them, thinking they were tax notices.

In *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, 51, 18 O.O. 3d 254, 256, 413 N.E. 2d 1182, 1184, our Supreme Court stated:

"Accordingly, certified mail service under Civ. R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendant's address. The Civil Rules do not require that delivery be restricted to the defendant * * *."

We find that the alleged improper service of Raymond Dollney is not a meritorious defense.

We do find, however, that the Dollneys have a meritorious defense in that Tully's complaint in the first count failed to state a claim upon which relief could be granted. In his complaint, Tully alleges that the Dollneys hired him to prosecute a personal injury action; that the Dollneys agreed to pay him one third of any compensation received; that the Dollneys rejected a settlement offer; and that the Dollneys discharged Tully without cause. We find that under these facts, Tully cannot state a claim.

In Ohio, it is generally permissible for an attorney to represent a client on a contingent fee basis. EC 2-19, Ohio Code of Professional Responsibility. Moreover, an attorney who is wrongfully discharged may recover whatever percentage of the compensation he was promised when in fact the client is compensated. See *Bolton* v. *Marshall* (1950), 153 Ohio St. 250, 257, 41 O.O. 270, 273, 91 N.E. 2d 508, 511; *Roberts* v. *Montgomery* (1926), 115 Ohio St. 502, 154 N.E. 740; *Seheinesohn* v. *Lemonek* (1911), 84 Ohio St. 424, 95 N.E. 913; *Dombey* v. *Detroit, Toledo & Ironton Rd. Co.* (C.A. 6, 1965), 351 F. 2d 121, 6 Ohio Misc. 185, 34 O.O. 2d 99 (construing Ohio law). However, in the instant case, the Dollneys had not received any compensation at the time the default judgment was entered. Thus, the Dollneys are not obligated to pay Tully anything on the contingent claim until they receive compensation for their personal injury claim.

As damages, the trial court awarded Tully one third of a settlement offer which the Dollneys rejected. Even where an attorney is working on a contingent fee basis, clients are free to reject any settlement offers. *Osmun* v. *Koke* (1961), 116 Ohio App. 282, 22 O.O. 2d 96, 188 N.E. 2d 67. We find that the trial court had no basis for

awarding Tully damages pursuant to the contingent fee agreement between the parties.

Further, we find that the Dollneys do not appear to have a defense to Tully's claim for expenses advanced to the Dollneys. The court properly awarded a default judgment for $458.50 on the expenses claim.

We find that if the default judgment were vacated, the Dollneys would have a meritorious defense to the contingent fee claim.

### Civ. R. 60(B) Grounds

Under the second part of the *GTE* test, the Dollneys must show that they deserve relief on one of the five grounds under Civ. R. 60(B). The Dollneys argue that relief should be granted for mistake, inadvertence, surprise or excusable neglect. The basis of the Dollneys' claim is that Ila threw out the registered letters without opening them, thinking they were tax notices. However, so long as service of process reaches a person qualified to accept service of process under the Civil Rules, lack of actual notice is not a basis for relief under Civ. R. 60(B)(1). *Metropolitan Savings Bank* v. *Omco Corp.* (Sept. 16, 1987), Lorain App. No. 4211, unreported.

Nevertheless, we find that the Dollneys deserve relief under Civ. R. 60(B)(5). In *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, 5 OBR 120, 448 N.E. 2d 1365, first and second paragraphs of the syllabus, our Supreme Court held:

"1. Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ. R. 60(B).

"2. The grounds for invoking Civ. R. 60(B)(5) should be substantial."

We are mindful that relief from a default judgment pursuant to Civ. R. 60(B)(5) should be granted judiciously. However, we find that in the instant case, there are substantial grounds for invoking Civ. R. 60(B)(5). We have determined that Tully's complaint does not state a claim upon which relief can be granted. A default judgment on a complaint which fails to state a claim should not be upheld. *Buckeye Supply Co.* v. *Northeast Drilling Co.* (1985), 24 Ohio App. 3d 134, 24 OBR 206, 493 N.E. 2d 964; *American Bankers Ins. Co.* v. *Leist* (1962), 117 Ohio App. 20, 22 O.O. 2d 455, 189 N.E. 2d 456. Moreover, it is against public policy to permit a lawyer to recover $5,333.34 on a contingent fee basis when the client may never recover any compensation at all.

### Reasonable Time

The third part of the *GTE* test is that the motion to vacate the default judgment must be made within a reasonable time. In the instant case, the motion was made thirty-six days after the entry of judgment. We find the motion was made within a reasonable time.

### Summary

We find that the trial court erred in overruling the Dollneys' motion to vacate the default judgment as to the contingent fee. We order that the motion be granted in part and the judgment vacated as to the contingent fee and we accordingly remand the case to the trial court to enter judgment consistent with this opinion.

*Judgment affirmed in part, reversed in part and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.