[Cite as *Bank of New York Mellon v. Williams*, 2014-Ohio-3737.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Bank of New York Mellon, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-499 |
| v. | : | (C.P.C. No. 11CVE-11-14085) |
| Tonia Y. Williams et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on August 28, 2014

*McGlinchey Stafford PLLC*, *Bryan T. Kostura,* and *James W. Sandy*, **for appellee.**

*Thomas L. Sooy*; *Reed Smith, LLP*, **and** *Richard L. Heppner, Jr., pro hac vice*, **for appellants.**

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendants-appellants, Tonia Y. and Robert E. Williams, appeal a judgment of the Franklin County Court of Common Pleas that denied their Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

{¶ 2} On November 11, 2011, plaintiff-appellee, the Bank of New York Mellon ("Mellon"), as trustee for the certificate holders of the CWABS, Inc. Asset Backed Certificates, Series 2005-7, filed a complaint in foreclosure against the Williams. Mellon attached to the complaint copies of the Williams' note and mortgage, as well as an assignment of the mortgage.

{¶ 3} When the Williams failed to answer the complaint, Mellon moved for default judgment. Mellon supported its motion with an affidavit from an assistant vice

president of Bank of America, N.A., which was the servicing agent for the Williams' loan. The assistant vice president testified that the Williams had defaulted on the note by failing to make payments, the indebtedness had been accelerated, and the balance due was $118,397.04, plus 6.75 percent interest per annum. The Williams did not respond to the motion for default judgment.

{¶ 4} On March 29, 2012, the trial court granted Mellon's motion and entered a judgment ordering the sale of the Williams' property. The Franklin County Sheriff then sold the Williams' property at auction. Approximately two weeks after the sale, the Williams moved for relief from judgment pursuant to Civ.R. 60(B). The Williams' motion challenged Mellon's standing to file the complaint in foreclosure. Mellon responded that it did, in fact, have standing because it was the holder of the note and mortgage when it filed suit.

{¶ 5} On May 14, 2013, the trial court issued a decision and entry denying the motion for relief from judgment. The trial court found that the Williams had not established a Civ.R. 60(B) ground for relief or a meritorious defense.

{¶ 6} The Williams now appeal from the May 14, 2013 judgment, and they assign the following errors:

> FIRST ASSIGNMENT OF ERROR
>
> THE TRIAL COURT ERRED WHEN IT HELD THAT TONIA AND ROBERT WILLIAMS (HEREINAFTER "THE WILLIAMS") LACKED STANDING TO CHALLENGE THE INVALID MORTGAGE ASSIGNMENT[.]
>
> SECOND ASSIGNMENT OF ERROR
>
> THE TRIAL COURT ERRED IN HOLDING THAT THE BANK OF NEW YORK MELLON ESTABLISHED ITS STANDING TO INVOKE THE JURISDICTION OF THE COURT WHEN IT FILED ITS COMPLAINT[.]

{¶ 7} We will begin our analysis with the Williams' second assignment of error. By that assignment of error, the Williams contend that Mellon's lack of standing deprived the trial court of "constitutionally created and defined" jurisdiction. The Williams argue that the absence of such jurisdiction rendered the underlying judgment void. Because the method for challenging a void judgment is a common-law motion to vacate, not a Civ.R.

60(B) motion, the Williams maintain that they do not need to satisfy the requirements of Civ.R. 60(B) to obtain relief from that judgment.  We disagree.

{¶ 8}    Initially, we recognize that the Williams are correct when they assert that the authority to vacate a void judgment originates from the inherent power possessed by Ohio courts, not Civ.R. 60(B).  *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.  Accordingly, the appropriate recourse for challenging a void judgment is to file a common-law motion to vacate.  *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 22.  Success on such a motion does not require fulfillment of Civ.R. 60(B)'s requirements.  *Freedom Mtge. Corp. v. Groom*, 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 19.

{¶ 9}    The Williams' argument falters because lack of standing does not render a judgment void.  True, in *Fed. Home Loan Mtge. Co. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Supreme Court of Ohio stated, "standing is required to invoke the jurisdiction of the common pleas court."  *Id.* at ¶ 3.  However, in using the term "jurisdiction," the Supreme Court was referencing a common pleas court's authority to determine a specific case within that class of cases that is within the court's subject-matter jurisdiction.  *Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. No. 13AP-198, 2013-Ohio-4884, ¶ 24, *accepted for appeal*, 138 Ohio St.3d 1447, 2014-Ohio-1182.  Lack of jurisdiction over a particular case merely renders a judgment voidable, not void.  *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12.  A voidable judgment is subject to the provisions of Civ.R. 60(B).  *GMAC Mtge., L.L.C. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 24.

{¶ 10} Recognizing that we might reach this ruling, the Williams assert a contingency argument:  they contend that they made the required showing to prevail on a Civ.R. 60(B) motion.  To succeed on a Civ.R. 60(B) motion, a party must demonstrate that:  (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  If the moving party fails to demonstrate any of these three requirements, the trial court should overrule

the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling on appeal absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 11} Here, although the Williams claimed entitlement to relief under multiple Civ.R. 60(B) grounds before the trial court, they argue only one ground on appeal. The Williams assert that they have alleged facts sufficient to prove fraud, which under Civ.R. 60(B)(3) is a basis for relief from judgment. According to the Williams, the securitized trust for which Mellon is trustee does not exist, and, thus, Mellon committed fraud by representing to the trial court that it acts as trustee for that trust. The Williams' evidence for this fraud consists of their attorney's inability to find the trust—named CWABS, Inc. Asset Backed Certificates, Series 2005-7—when he searched the Securities and Exchange Commission's database of company filings. The trust, however, eluded the Williams' attorney because he searched for the wrong name. The attorney inquired using the name "Bank of America," not "CWABS, Inc." Therefore, the attorney's failure to find a listing for the trust is not evidence that it does not exist. As the Williams have presented no other evidence of fraud, they have not established the Civ.R. 60(B)(3) ground for relief from judgment.

{¶ 12} Moreover, even if the Williams had demonstrated a Civ.R. 60(B) ground, they failed to prove a meritorious defense. The Williams claim that they have a meritorious defense because Mellon lacked standing at the time it filed the complaint. We disagree.

{¶ 13} A plaintiff has standing to initiate a complaint in foreclosure if it has an interest in either the note or mortgage at the time it files suit. *U.S. Bank, N.A. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 27. To determine whether a plaintiff has standing, we first examine the note and its indorsements, if any. A plaintiff has an interest in the note if it is a person entitled to enforce the note.

{¶ 14} Here, as reflected in the copy of the Williams' note attached to the complaint, the note was originally payable to MLSG, Inc. The note includes three indorsements: (1) from MLSG, Inc. to Countrywide Document Custody Services, A Division of Treasury Bank, N.A., which was signed by Roberta J. Lucas, senior vice president of MLSG, Inc., (2) from Countrywide Document Custody Services, A Division of

Treasury Bank, N.A., to Countrywide Home Loans, Inc., which was signed by Laurie Meder, vice president of Countrywide Document Custody Services, and (3) from Countrywide Home Loans, Inc. to blank, which was signed by David A. Spector, managing director of Countrywide Home Loans, Inc. Pursuant to the affidavit attached to Mellon's motion for default judgment, Mellon had possession of the note.

{¶ 15} A holder is a person entitled to enforce the note. R.C. 1303.31(A)(1). A plaintiff may become a holder by possessing a note indorsed in blank. R.C. 1301.201(B)(21)(a) (the definition of "holder" includes a "person in possession of a negotiable instrument that is payable [ ] to bearer"); R.C. 1301.201(B)(5) (a "bearer" is "a person in possession of a negotiable instrument * * * that is payable to bearer or indorsed in blank"). Because the note here was indorsed in blank and Mellon was in possession of it at the time it filed the complaint, Mellon had the requisite interest in the note necessary for it to have standing. The Williams, therefore, do not have a meritorious defense.

{¶ 16} Because the Williams have established neither a Civ.R. 60(B) ground for relief nor a meritorious defense, we conclude that the trial court did not err in denying them relief from the judgment in foreclosure. Accordingly, we overrule the Williams' second assignment of error.

{¶ 17} Given our ruling on the Williams' second assignment of error, we find moot the Williams' first assignment of error, which challenged a secondary basis for the trial court's conclusion that no meritorious defense existed. Accordingly, we will not address the first assignment of error.

{¶ 18} For the foregoing reasons, we overrule the second assignment of error, which renders moot the first assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____