[Cite as *Natl. Collegiate Student Loan Trust 2003-1 v. Beverly*, 2014-Ohio-4346.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

National Collegiate Student Loan
Trust 2003-1, et al.

        Appellees

v.

Adam Beverly, et al.

        Appellants

Court of Appeals No.   H-13-010
                          H-13-011

Trial Court No.   CVH 20120334
                      CVH 20120918

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 30, 2014

* * * * *

Eric Wasserman, for appellees.

Gregory S. Reichenbach, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} We consider two appeals brought by Adam and Linda Beverly that are

consolidated for proceedings in this court, appellate case Nos. H-13-010 and H-13-011.

Appellants appeal April 22, 2013 judgments of the Huron County Court of Common

Pleas that denied, in both cases, their Civ.R. 60(B) motions to vacate default judgments against them. The National Collegiate Student Loan Trust 2003-1 ("2003 Trust") is appellee in appeal No. H-13-010 (common pleas case No. CvH 2012 0334). The National Collegiate Student Loan Trust 2006-1 ("2006 Trust") is appellee in appeal No. H-13-011 (common pleas case No. CvH 2012 0918). Both cases concern student loans.

**Appeal H-13-010**

{¶ 2} Appeal H-13-010 concerns a student loan made by Bank One, N.A. to Adam Beverly in September 2003. Adam's mother, Linda Beverly, acted as cosigner on the loan. On April 16, 2012, the 2003 Trust filed a complaint in the trial court alleging that appellants failed to pay the promissory note on the loan according to the terms and conditions of the loan. The complaint does not allege that the 2003 Trust has any interest in the loan, whether by assignment or any other means. The 2003 loan promissory note is attached as an exhibit to the complaint. The note makes no reference to the 2003 Trust and identifies Bank One N.A. as the lender.

**Appeal H-13-011**

{¶ 3} Appeal H-13-011 concerns a student loan made by JPMorgan Chase Bank, N.A. to Adam Beverly in December 2005. Linda Beverly also cosigned this loan. On October 18, 2012, the 2006 Trust filed a complaint alleging that appellants failed to pay the promissory note on the loan according to the terms and conditions of the loan. The complaint did not allege that the 2006 Trust held any interest in the loan whether by

2.

assignment or any other means. The 2005 loan promissory note is attached as an exhibit to the complaint. The note makes no reference to the 2006 Trust and identifies JPMorgan Chase Bank, N.A. as the lender.

## Default Judgments

{¶ 4} Appellants did not file answers to either complaint. The Trusts filed motions for default judgment in both cases. The trial court granted the 2003 Trust default judgment against appellants in the H-13-010 case on June 25, 2012. In the judgment the court awarded the trust damages of $43,713.22, accrued interest of $5,017.42 through April 4, 2012, and interest at a variable interest rate from April 5, 2012.

{¶ 5} The trial court granted the 2006 Trust default judgment against appellants in the H-13-011case on January 11, 2013. In the judgment, the court awarded damages of $16,165.21, plus accrued interest of $1,964.41, and interest at the rate of 3 percent on $16,165.21 from the date of judgment.

{¶ 6} Appellants filed Civ.R. 60(B) motions for relief from judgment in both cases on March 28, 2013, and submitted affidavits of both appellants in support of the motions. Appellees opposed both motions and submitted additional documents with their opposition briefs. Appellees claim that the documents establish that the promissory notes on the loans were assigned to the respective trusts prior to the filing of the complaints in both cases.

3.

**{¶ 7}** On April 22, 2013, the trial court, without opinion, denied both motions for relief from judgment. Appellants timely appealed the trial court judgments to this court. We ordered the two case consolidated for proceedings before this court on June 4, 2013.

**{¶ 8}** Appellants assert one assignment of error, applicable to both appeals:

**Assignment of Error**

1. The trial court erred by denying Defendant-Appellants' motions for relief from judgment.

**{¶ 9}** Under assignment of error No. 1, appellants argue that the trial court erred in denying the motions for relief from judgment on two grounds. First, appellants argue that appellees lacked standing to assert the claims for breach of the student loans and that the trial court lacked subject matter jurisdiction over the claims. Second, appellants argue that they are entitled to relief from the judgments pursuant to Civ.R. 60(B) and that the trial court abused its discretion in overruling the motions.

**{¶ 10}** We consider the issues of subject matter jurisdiction and standing first. Review on appeal of a challenge to the subject matter jurisdiction of a trial court is conducted de novo. *Biro v. Biro*, 6th Dist. Ottawa No. OT-10-017, 2010-Ohio-5169, ¶ 7. "Whether established facts confer standing to assert a claim is a matter of law. We review questions of law de novo." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 90; *see Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, *¶ 15*

4.

*Schwartzwald*

{¶ 11} Appellants base their arguments of lack of subject matter jurisdiction and lack of standing to bring suit for non-payment of the student loans on the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. In *Schwarzwald*, the plaintiff filed a foreclosure action while lacking an interest in the note or mortgage at the time it filed suit. *Id.* at ¶ 2.

{¶ 12} In *Schwartzwald*, the Ohio Supreme Court held that where a plaintiff who has filed a foreclosure action "fails to establish 'an interest in the note or mortgage at the time it filed suit, it [has] no standing to invoke the jurisdiction of the common pleas court.'" *Sovereign Bank v. Flood*, 6th Dist. Erie No. E-11-072, 2013-Ohio-725, ¶ 12, quoting *Schwartzwald* at ¶ 28. The court held that lack of standing at the commencement of a foreclosure action cannot be cured by subsequently obtaining an interest in the note or mortgage. *Schwartzwald* at ¶ 39. Under the decision, "lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * * without prejudice." *Id.* at ¶ 40.

{¶ 13} The decision in *Schwartzwald* is based upon the proposition that "'[i]t is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.'" *Id.* at ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973).

5.

**Standing**

{¶ 14} Appellants contend, under *Schwarzwald*, appellees lack standing to assert claims arising from the student loans. Both Trusts opposed the motions for relief from judgment and claimed that the notes had in fact been assigned to them before the complaints were filed. Appellees submitted with their opposition briefs additional documents they claim show the assignments.

{¶ 15} We agree with appellants' contention that the complaints were deficient and under *Schwarzwald* failed to state a claim upon which relief could be granted. However, the failure to allege an interest in a loan in a complaint does not in itself establish lack of standing in an action:

> A plain reading of *Schwartzwald* reveals that the focus of the decision centered on *what* needed to be proven, not *when.* The question presented was "whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment." *Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214 at ¶ 19. In resolving this question, *Schwartzwald* held that a plaintiff in a foreclosure action must in fact possess standing at the time the complaint is filed, and cannot later gain standing through a subsequent assignment of the note and mortgage. *Id.* at ¶ 41–42, 979 N.E.2d 1214.

6.

Notably, while a foreclosure plaintiff must allege sufficient facts in its complaint to demonstrate that it has standing, *Schwartzwald* does not stand for the proposition that a foreclosure plaintiff must definitively prove in its complaint that it has standing. (Emphasis in the origninal.) *Bank of Am., N.A. v. Hafford*, 6th Dist. Sandusky No. S-13-021, 2014-Ohio-739, ¶ 13-14.

{¶ 16} Stated differently, "[a]lthough a party must prove that it had standing when the foreclosure complaint was filed, such proof may be provided after the filing of the complaint." *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. Franklin No. 13AP-663, 2014-Ohio-2540, ¶ 9, citing *Bank of New York Mellon v. Watkins*, 10th Dist. Franklin No. 11AP-539, 2012-Ohio-4410, ¶ 18.

{¶ 17} These cases demonstrate that appellees' failure to allege standing in the complaints alone does not establish lack of standing on the merits.

**Claimed Assignments**

{¶ 18} Appellants argue that the documents were unauthenticated and inadmissible as evidence on the issue. They argue further that the documents do not establish assignment of the loans to the Trusts.

{¶ 19} Appellants did not raise any objection to the admissibility of the claimed assignment documents in the trial court. Generally a failure to object in the trial court to the admission of evidence in a civil case waives the right to raise the issue on appeal.

7.

*Jacobsen v. Jacobsen*, 7th Dist. Mahoning No. 03 MA 3, 2004-Ohio-3045, ¶ 11; *see*

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 20} The documents submitted by appellees, however, do not establish

assignment of the loans to appellees. The documents in both cases refer to the

assignment of "each student loan set forth on the attached <u>Schedule 2</u>." The Schedule 2

document, however, was not included in the documents filed by appellees with the trial

court in either case. Without the schedule, we cannot determine whether the assignments

applied to these specific loans.

{¶ 21} The purported assignment of the September 2005 loan to the 2006 Trust is

in fact an assignment to another entity—The National Collegiate Funding LLC.

According to the document, the other entity agreed that it "in turn *will* sell the

Transferred Bank One Loans to" the 2006 Trust. (Emphasis added.) Appellees

submitted no affidavit or other evidence showing that the contemplated assignment of the

loan note to the 2006 Trust occurred.

{¶ 22} Accordingly, although the pleadings fail to allege facts demonstrating

standing and a right to relief against appellants on either loan, the record is insufficient to

determine standing on the merits. Resolution of the standing issue, however, is

unnecessary to establish subject matter jurisdiction in these cases.

**Subject Matter Jurisdiction**

{¶ 23} Appellants argue that the default judgments in both cases are void for lack

of subject matter jurisdiction and that the trial court erred in failing to grant relief from

8.

the judgments on that basis. Appellants assert that the trial court held inherent authority to vacate void judgments and that the requirements of Civ.R. 60(B) do not apply for relief from judgment on subject matter jurisdiction grounds.

{¶ 24} The Tenth and Eleventh District Courts of Appeals have both addressed the issue of whether lack of standing under *Schwartzwald* analysis establishes a lack of subject matter jurisdiction for a trial court to proceed in a case. Both courts held that although the Ohio Supreme Court discussed lack of standing in *Schwartzwald* in jurisdictional terms, lack of standing under *Schwartzwald* does not deprive a trial court of subject matter jurisdiction. *Bank of New York Mellon v. Williams*, 10th Dist. Franklin No. 13AP-499, 2014-Ohio-3737, ¶ 9; *HSBC Bank USA, Natl. Assn. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶ 25. Both courts ruled that lack of standing under *Schwartzwald* for a plaintiff to seek relief in a case renders a judgment awarding relief voidable, not void. *Williams* at ¶ 9; *HSBC Bank USA* at ¶ 25.

{¶ 25} The decisions rely on the analysis of subject matter jurisdiction provided by the Ohio Supreme Court in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. In the case, the Ohio Supreme Court recognized "[t]here is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Id.* at ¶ 10.

{¶ 26} The *Pratts* court explained the distinction:

> "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.) *Steel Co. v. Citizens for a Better*

9.

*Environment* (1998), 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter and over the person. *State v. Parker,* 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton* (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." Id.; *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.

The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. See *State v. Parker,* 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. "'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction

that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *Parker* at ¶ 22 (Cook, J., dissenting), quoting *Swiger,* 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" *State ex rel. Pizza v. Rayford* (1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499. *Id.* at ¶ 11-12.

{¶ 27} We find the analysis of the issue by the Tenth and Eleventh Districts persuasive and adopt it. We conclude that the trial court held subject matter jurisdiction in both actions regardless of whether appellees lacked standing under *Schwartzwald* to assert claims for breach of the student loans.

{¶ 28} We also agree with the Tenth and Eleventh Districts that lack of standing under *Schwartzwald* for a plaintiff to seek relief in a case renders a judgment awarding relief voidable, not void. We conclude that appellants' claims that the trial court judgments are void for lack of subject matter jurisdiction on *Schwartzwald* grounds are without merit.

### Denial of Motions for Civ.R. 60(B) Relief

{¶ 29} We review trial court judgments granting or denying relief from judgments under Civ.R. 60(B) on an abuse of discretion standard. *Griffey v. Rajan,* 33 Ohio St.3d

11.

75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 30} Civ.R. 60(B) provides for relief from a judgment or order:

> (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
>
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

12.

{¶ 31} The Ohio Supreme Court has identified what is required to prevail on a Civ.R. 60(B) motion for relief from judgment. The movant must demonstrate:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 32} Civ.R. 60(B) relief will be denied where the movant fails to satisfy any of the requirements under the GTE standard. *Argo Plastic Products. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

**Meritorious Defense**

{¶ 33} Civ.R. 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." The complaints in both cases, however, did not allege that respective Trust had a right to relief against appellants based upon breach of the student loan contracts.

{¶ 34} Appellants contend that the default judgments were contrary to law because the complaints failed to state a claim upon which relief could be granted. We agree. Here the failure to respond to the complaint created no admission upon which a judgment

granting affirmative relief could be based.  Furthermore, under *Schwartzwald,* the complaints failed to set forth facts upon which appellees had standing to assert claims under either loan.

{¶ 35} The grant of default judgment against a defendant where the complaint fails to state a claim upon which relief can be granted is contrary to law and presents a meritorious defense to the judgment for purposes of Civ.R. 60(B) relief.  *See Mercy Franciscan Hosp. v. Willis*, 1st. Dist. Hamilton No. C-030914, 2004-Ohio-5058, ¶ 6; *Michael D. Tully Co., L.P.A. v. Dollney*, 42 Ohio App.3d 138, 140-141, 537 N.E.2d 242 (9th Dist.1987).

### Entitlement to Relief Under Civ.R. 60(B)

{¶ 36} The next element under *GTE* for relief from judgment under Civ.R. 60(B) is demonstration of a right to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).  We consider first appellants' contention that their affidavits demonstrate an entitlement to relief under Civ.R. 60(B)(1) due to excusable neglect.

{¶ 37} According to the affidavits, appellants hired a debt negotiation company, Student Loan Relief Organization ("SLRO") to negotiate payment arrangements for both student loans, prior to being served in either case.  Linda Beverly states by affidavit that she called SLRO contact person at SLRO immediately upon receipt of the summons and complaint in the first case (case No. H-13-010) on April 20, 2012.  The contact person told her to fax him a copy of the complaint and the he would "take care of it."  In their affidavits, both appellants state that they initially thought SLRO would handle to lawsuit.

14.

{¶ 38} Linda Beverly also stated in her affidavit that after reporting the lawsuit she had not heard from SLRO for several weeks. She contacted them again. Her contact person informed her that he had attempted to reach the plaintiff's attorney but was unsuccessful. In the conversation, the contact stated that it appeared that SLRO would be unable to accomplish anything on the 2003 loan.

{¶ 39} Less than a week later, Ms. Beverly made the first of a series of calls herself to the law firm representing appellees. Her requests to speak to speak to the attorney representing appellees were refused. Adam Beverly also attempted to speak to the appellees' attorney with the same result.

{¶ 40} Both were instructed to speak to a person at the firm named Cathy, who handled garnishments at the firm. Initially, Cathy refused to speak to either Adam or Linda Beverly, stating that she could not speak with them because of a power of attorney they had signed for SLRO to act on their behalf. According to the affidavits, appellees stopped working with SLRO to get Cathy to speak with them. Even then, their discussions with Cathy reached no agreement.

{¶ 41} The lawsuit on the 2005 loan was filed on October 18, 2012. Ms. Beverly admitted in her affidavit that when she was served with the second lawsuit "I thought there was nothing I could do, based on everything that happened in the first case." Her son continued to make phone calls to appellees' attorney's office on both their behalves concerning both loan accounts.

15.

{¶ 42} Ms. Beverly stated in her affidavit that after she was served with the complaint in the second case, she also attempted to speak directly to individuals at the National Collegiate Student Loan Trust. According to her affidavit, Ms. Beverly spoke to several people who could not find any record of the loans. Those persons provided other phone numbers to call. Ms. Beverly states in her affidavit that she was unable to find someone from National Collegiate Student Loan Trust who could help.

{¶ 43} Appellees did not file any affidavits or other evidentiary material in the trial court disputing facts asserted by appellants.

{¶ 44} In *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, we considered a definition for the term excusable neglect:

> The general definition of excusable neglect is some action "'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825, quoting Black's Law Dictionary (6 Ed.1990) 566. Courts generally find excusable neglect in those instances where there are "unusual or special circumstances" that justify the neglect of a party or her attorney. *Id.* at 536, 706 N.E.2d 825 (citations omitted).

{¶ 45} In *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1980), the Ohio Supreme Court, reviewing case law from other jurisdictions, recognized that "[g]enerally,

a default judgment is vacated upon motion where a defaulting party has notified his insurer of the commencement of the suit and has relied, to his detriment, on its undertaking to defend." *Id.* at 247. The court outlined its inquiry in determining excusable neglect where the defendant notified his insurer of suit and relied on the carrier to defend:

> Assuming, arguendo, that the defendant's failure to check, by the date the default judgment was granted, on the question of whether his carrier had filed an answer or a similar responsive pleading constituted neglect, the next inquiry is whether that neglect was excusable or inexcusable. That inquiry must of necessity take into consideration all the surrounding facts and circumstances. Among such circumstances is whether the defendant promptly notified his carrier of the litigation. A second circumstance is the lapse of time between the last day for the filing of a timely answer and the granting of the default judgment. A third circumstance is the amount of the judgment granted. A fourth, but not decisive, circumstance is the experience and understanding of the defendant with respect to litigation matters. (Footnotes omitted.) *Id.* at 248.

{¶ 46} Such an analysis has been applied in other contexts not involving insurance. The Tenth District Court of Appeals upheld a finding of excusable neglect in circumstances not involving reliance on an insurer to provide a legal defense. In the case *Estate of Orth v. Inman*, 10th Dist. Franklin No. 99AP-504, 2002-Ohio-3728, ¶ 5, two

17.

defendants mistakenly believed an attorney, who had been attempting to negotiate a settlement on behalf of all the defendants, was representing their interests in the case. The court of appeals affirmed a trial court's grant of Civ.R. 60(B)(1) relief finding that the failure to respond to the complaint was not willful and did not demonstrate a total disregard for the judicial system. *Id.* at ¶ 28-30.

{¶ 47} The record shows that service of the complaint in the 2003 student loan case occurred by certified mail on both appellants on April 20, 2012. Under Civ.R. 12(A), appellants were required to serve their answers to the complaint by May 18, 2012. The trial court granted default judgment against appellants on June 25, 2012. The default judgment awarded the 2003 Trust damages of $43,713.22, accrued interest of $5,017.42 through April 4, 2012, and interest at a variable interest rate from April 5, 2012. The defendants are inexperienced and unknowledgeable as to litigation matters.

{¶ 48} "[T]he inaction of a defendant is not 'excusable neglect' if it can be labeled as a "complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting, *GTE Automatic*, 47 Ohio St.2d at 153, 351 N.E.2d 113.

{¶ 49} Although SLRO is not an insurer, the reliance by appellants on SLRO was not willful or undertaken in a complete disregard for the judicial system or appellee's rights. *See Estate of Orth v. Inman*, 10th Dist. Franklin No. 99AP-504, 2002-Ohio-3728, ¶ 28. In *Colley*, the Ohio Supreme Court recognized that Civ.R. 60(B)(1) is a "remedial rule to be liberally construed." *Colley*, 64 Ohio St.2d at 248, 416 N.E.2d 605.

18.

{¶ 50} With respect to the 2003 student loan litigation, we conclude that under all the circumstances excusable neglect was shown by appellants by their faxing a copy of the complaint to SLRO on the day of service of the complaint upon them and their reliance on an assurance by SLRO that the company would "take care of it."

{¶ 51} With respect to the 2005 student loan case, H-13-011, the record does not demonstrate excusable neglect for the failure to file answers to the complaint. Appellants did not forward a copy of the complaint to SLRO and appellants' inaction cannot be attributed to any belief that SLRO would defend the action. By the time the second litigation was filed, appellants knew that the company would not defend the case.

{¶ 52} We conclude that appellants have not established grounds for relief due to excusable neglect with respect to the 2005 student loan case. However, we also conclude that grounds for relief under Civ.R. 60(B)(5) does exist.

{¶ 53} Both the Eleventh and Ninth District Courts of Appeals have held that grant of a default judgment on a complaint that fails to state a claim upon which relief can be granted presents a basis for relief under Civ.R. 60(B)(5). *Student Loan Marketing Assn. v. Karnavas*, 11th Dist. Trumbull No. 92-T-4718, 1993 WL 164709, *2 (May 14, 1993); *Michael D. Tully Co., L.P.A*, 42 Ohio App.3d at 141, 537 N.E.2d 242.

{¶ 54} In *Student Loan Marketing Assn. v. Karnavas*, the Eleventh District Court of Appeals considered very similar facts to those presented in these cases:

There are substantial grounds for invoking Civ.R. 60(B)(5) in this case. As previously discussed, appellee filed the complaint in this action,

19.

in its own name, on notes payable to another party. No assignment of the notes was alleged or proven. Thus, appellee's complaint failed to state a cause of action against appellant. *Zwick,* 103 Ohio App. at 84. It is well established that "a default judgment on a complaint which fails to state a claim should not be upheld." *Michael D. Tully Co., L.P.A. v. Dollney* (1987), 42 Ohio App.3d 138, 141, citing *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, *American Bankers Ins. Co. v. Leist* (1962), 117 Ohio App. 20. Thus relief pursuant to Civ.R. 60(B)(5) is appropriate. *Karnavas* at *2.

**{¶ 55}** In *Tully*, the plaintiff was an attorney who had represented the defendants in a personal injury action on a contingent fee basis. After rejecting a settlement offer, the defendants hired a different attorney to handle the case. The dismissed attorney filed suit against his former clients for expenses incurred in prosecuting the personal injury claim and for compensation in an amount of one-third of the rejected settlement offer. The court granted the attorney default judgment in the amount of $5,791.84 after the defendants failed to file an answer to the complaint.

**{¶ 56}** In *Tully*, the Ninth District Court of Appeals ruled that there were substantial grounds in the case to invoke Civ.R. 60(B)(5) relief. The court held:

> We are mindful that relief from a default judgment pursuant to Civ.R. 60(B)(5) should be granted judiciously. However, we find that in the instant case, there are substantial grounds for invoking Civ.R. 60(B)(5).

20.

We have determined that Tully's complaint does not state a claim upon which relief can be granted. A default judgment on a complaint which fails to state a claim should not be upheld. *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 24 OBR 206, 493 N.E.2d 964; *American Bankers Ins. Co. v. Leist* (1962), 117 Ohio App. 20, 22 O.O.2d 455, 189 N.E.2d 456. Moreover, it is against public policy to permit a lawyer to recover $5,333.34 on a contingent fee basis when the client may never recover any compensation at all. *Tully*, 42 Ohio App.3d at 141, 537 N.E.2d 242.

{¶ 57} The Tenth District Court of Appeals, however, has held that failure of the complaint to state a claim upon which relief can be granted alone generally does not in itself present a basis for Civ.R. 60(B)(5) grounds for relief from judgment. *Lopez v. Quezada*, 10th District Franklin Nos. 13AP-389 and 13AP-664, 2014-Ohio-367, ¶ 36, quoting *Taris v. Jordan,* 10th Dist. Franklin No. 95APE08-1075, 1996 WL 69717, *4 (Feb. 20, 1996). The court distinguished the *Tully* case on the ground that the default judgment in *Tully* was found to be against public policy as it awarded a lawyer judgment on a contingent fee contract when the client may never recover any compensation. *Taris* at *4.

{¶ 58} Unlike the decisions in *Lopez* and *Taris*, these appeals involve default judgments on complaints that not only failed to state a claim upon which relief could be granted, but also failed to allege facts sufficient under *Schwartzwald* to demonstrate

21.

standing of the plaintiff to invoke the jurisdiction of the court to maintain suit. We concur with the Eleventh District Court of Appeals in *Student Loan Marketing Assn. v. Karnavas* that such default judgments present a substantial basis for relief under Civ.R. 60(B)(5).

{¶ 59} We conclude that appellants established an entitlement to Civ.R. 60(B)(5) relief from the default judgments with respect to both the 2003 and 2005 student loans. While excusable neglect is an element for relief under Civ.R. 60(B)(1), it is not an element for Civ.R. 60(B)(5) relief.

**Timeliness**

{¶ 60} The final element under *GTE* for Civ.R. 60(B)(1) relief is the requirement that the motion for relief from judgment be brought within a reasonable time and not more than one year after the trial court entered judgment. Both motions for Civ.R. 60(B) relief from judgment were filed within a year of the judgments for which relief is sought. Whether a Civ.R. 60(B) motion for relief from judgment was filed within a reasonable time is determined on a case by case basis, considering all the circumstances. *Williams v. Wilson-Walker*, 8th Dist. Cuyahoga No. 95392, 2011-Ohio-1805, ¶ 15.

{¶ 61} In the 2003 student loan case, appellants acted promptly upon filing the complaint to secure the assistance of SLRO to represent their interests. Upon SLRO's instructions, they faxed a copy of the complaint to it, under an assurance that the company would "take care of it." Appellants learned only several weeks later that SLRO would be of no assistance in defense of the case.

22.

**{¶ 62}** Upon learning that SLRO would be of no assistance, appellants pursued direct contact with attorney for appellants. Contact with appellees' counsel was also delayed. Appellants were unable to speak with appellees' counsel. Because of a letter of attorney previously provided SLRO to act on appellants' behalf on the loans, discussions with the person at the law firm to whom they were directed were delayed.

**{¶ 63}** The motion for relief from judgment was filed in the case approximately nine months after default judgment was granted. Given these circumstances, we conclude that appellants' Civ.R. 60(B) motion for relief from judgment was filed within a reasonable time.

**{¶ 64}** Default judgment in the 2005 loan case was granted on January 11, 2013, and the motion for relief from the judgment was filed on March 28, 2013, within two and one half months after default judgment was entered. We conclude that the motion for default judgment in the 2005 loan case was also filed within a reasonable time.

**{¶ 65}** Appellants have established the elements under *GTE* for Civ.R. 60(B) relief from the default judgments. We conclude that the trial court abused its discretion in denying appellants' Civ.R. 60 (B) motions for relief from judgment in both case No. H-13-010 and case No. H-13-011.

**{¶ 66}** We find appellants' assignment of error well-taken.

**{¶ 67}** We reverse the April 22, 2013 judgment of the Huron County Court of Common Pleas in both case No. H-13-010 and case No. H-13-011 that denied appellants' Civ.R. 60(B) motions for relief from judgment.

23.

**{¶ 68}** In case No. H-13-010, we grant the Civ.R. 60(B) motion for relief from the June 25, 2012 default judgment and vacate the default judgment. In case No. H-13-011, we grant appellants' Civ.R. 60(B) motion for relief from the January 11, 2013 default judgment and vacate the default judgment. We remand both cases to the Huron County Court of Common Pleas for further proceedings. We order appellees to pay the costs of their respective appeals pursuant to App.R. 24.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____

                                                JUDGE

Stephen A. Yarbrough, P.J.      

                                _____

James D. Jensen, J.                          JUDGE
CONCUR.

                                _____

                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.