OPINION
{¶ 1} Appellant, Michael Lemongelli, appeals the judgment entered by the Portage County Court of Common Pleas. The trial court granted a motion for relief from judgment filed by appellees, Summit Gardens Association; Del Rob, Inc.; R G *Page 2 
Thompson Associates, Inc.; Robert R. Thompson; and Thompson III Builders Developers, Inc.
 {¶ 2} Summit Gardens Association operates an apartment complex in Kent, Ohio, known as Summit Gardens Apartments. Appellant and his family were tenants at Summit Gardens Apartments. In addition, appellant was employed by Summit Gardens Association.
 {¶ 3} Summit Gardens Association filed a complaint for forcible detention and rent against appellant in the Portage County Municipal Court. In response, appellant filed an answer and counterclaim. The counterclaim asserted that Summit Gardens Association's actions were retaliatory for appellant knowing that Summit Gardens engaged in discriminatory conduct. In addition, the counterclaim alleged that Summit Gardens Association violated the United States Department of Housing and Urban Development ("HUD") regulations by failing to recalculate appellant's rent obligation after appellant notified Summit Gardens Association of a decrease in his income.
 {¶ 4} This matter was transferred to the Portage County Court of Common Pleas. After the matter was transferred, appellant filed several amended counterclaims, which named Del Rob, Inc.; R G Thompson Associates, Inc.; Robert R. Thompson; and Thompson III Builders 
Developers, Inc. as third-party defendants.
 {¶ 5} Robert Thompson has been involved in various real estate ventures for several decades. At the relevant times of this action, Thompson was in his late 70s and his health was failing. Dolores Thompson is Thompson's wife. The Thompsons have *Page 3 
two children, Robert Thompson, Jr. and YTeva Thompson. YTeva became involved in Thompson's businesses following Thompson's inability to manage them.
 {¶ 6} Summit Gardens Association is a limited partnership. Thompson is the general partner of Summit Gardens Association. In addition, there are 32 limited partners of Summit Gardens Association. The record does not reveal the identity of the 32 limited partners. Summit Gardens Association employed an office employee named Reginald Smith.
 {¶ 7} Thompson III Builders and Developers, Inc. is a corporation. It is "the payroll facility for the management company and the development." YTeva Thompson is an agent of Thompson III Builders and Developers, Inc. She and Dolores Thompson testified that Robert Thompson owns Thompson III Builders and Developers, Inc. However, in his deposition, Robert Thompson testified Dolores Thompson owns Thompson III Builders and Developers, Inc.
 {¶ 8} Del Rob, Inc. is the managing agent for Summit Gardens. Thompson owns Del Rob, Inc. Thompson III Builders and Developers, Inc. took over the assets of Del Rob, Inc.
 {¶ 9} YTeva Thompson testified that R G Thompson Association was a company that her uncle and Robert Thompson formed. She testified that it is no longer in existence.
 {¶ 10} In January, 2002, upon Summit Gardens Association's motion, its complaint for forcible detention and rent against appellant was dismissed. However, *Page 4 
appellant's counterclaims against appellees proceeded and were not affected by the dismissal of the original complaint.
 {¶ 11} There have been several discovery disputes in this matter. In November, 2002, a hearing was held before the magistrate on these and other issues. Following the hearing, the magistrate recommended that appellees be ordered to pay $2,130.15 as previously ordered for discovery violations, as well as $45 for failure to appear at a deposition. Appellees filed objections to the magistrate's decision. The trial court adopted the magistrate's decision and entered judgment accordingly. Appellees filed a notice of appeal from the trial court's December 13, 2002 judgment entry in this court. This court dismissed appellees' appeal due to the lack of a final appealable order.
 {¶ 12} Robert Thompson's deposition was taken on November 25, 2003. In addition to his personal involvement in the matter as a named third-party defendant, Robert Thompson was deposed as the representative for the entities. Robert Thompson was uncooperative throughout the deposition. During the deposition, Reginald Smith was in a nearby office and assisted Robert Thompson with certain details.
 {¶ 13} On January 12, 2004, appellant filed a motion for default judgment pursuant to Civ.R. 37. The motion was based on the multiple discovery violations committed by appellees. Appellees did not respond to this motion. The trial court granted appellant's motion for default judgment. The matter proceeded to a hearing before the magistrate on the issue of damages. Appellees did not appear for this hearing. The magistrate issued a decision recommending that appellant be awarded *Page 5 
$68,217.25 in compensatory damages for lost compensation; $200,000 for his claim for emotional distress as a result of appellees' harassing conduct; and $200,000 in punitive damages due to a finding that appellees' conduct was "outrageous and intentional." Per the magistrate's instructions, appellant's counsel submitted an affidavit in support of attorney fees.
 {¶ 14} On June 24, 2004, appellees filed a request for findings of fact and conclusions of law. The trial court entered judgment in favor of appellant in the amount of $509,452.87, which included $68,217.25 for lost compensation; $200,000 for emotional distress; $200,000 in punitive damages; and $41,235.62 in attorney fees.
 {¶ 15} Appellees filed a notice of appeal of the trial court's default judgment entry. This appeal was dismissed by this court for appellees' failure to prosecute.
 {¶ 16} Appellant obtained a judgment lien against appellees. Thereafter, appellant initiated foreclosure proceedings.
 {¶ 17} By the summer of 2005, Thompson's health had further deteriorated. Also, Reginald Smith had been murdered. Y'Teva Thompson stepped in to run the various businesses owned by Robert Thompson. In August 2005, while going through the mail, Y'Teva Thompson discovered the documents regarding the foreclosure proceedings.
 {¶ 18} On November 2, 2005, appellees filed a Civ.R. 60(B) motion for relief from judgment. Appellant filed a motion in opposition to the Civ.R. 60(B) motion.
 {¶ 19} On March 29, 2006, a hearing was held before the magistrate on appellees' motion for relief from judgment. Appellees submitted an affidavit from Dr. *Page 6 
Harry Isaacson. Dr. Isaacson is a physician at the Cleveland Clinic and treated Robert Thompson from 2002 through 2004. He stated that Robert Thompson was hospitalized several times during 2004; Robert Thompson's "mental status during 2004 was altered such [that] he had significant memory impairment"; and he did not believe that Robert Thompson "was capable of comprehending his legal obligations during 2004 and thus [did] not believe he was competent to handle business and legal affairs on behalf of himself or anyone else."
 {¶ 20} YTeva and Dolores Thompson testified at the hearing on appellees' motion for relief from judgment. They testified that Robert Thompson had significant memory loss during late 2003 and in 2004. They testified he suffered from various health problems, including sleep apnea, emphysema, heart disease, and "a very serious state of dementia." They testified that he was often unaware of his immediate surroundings and was delusional, in that he believed strangers were coming into the house and stealing things from him. He was disoriented to the point that he would walk into walls. He was taking 18 different medications during this time.
 {¶ 21} The magistrate issued a decision recommending that appellees' motion for relief from judgment be granted. Appellant filed objections to the magistrate's decision. Thereafter, the trial court overruled appellant's objections and granted appellee's motion for relief from judgment.
 {¶ 22} Appellees were represented by various attorneys at the trial court level. Attorney Gabrielle Ross represented appellees for a significant time. She was present during Robert Thompson's deposition. Shortly after the deposition, in December 2003, *Page 7 
Attorney Ross withdrew as counsel for appellees, citing the fact that Robert Thompson had terminated her representation. In January, 2004, Attorney Alexander Jurczenko entered an appearance as attorney for appellees. In her decision recommending that appellees' motion for relief from judgment be granted, the magistrate noted that Attorney Jurczenko had been suspended from the practice of law. See Cuyahoga Cty.Bar Assn. v. Jurczenko, 106 Ohio St.3d 123, 2005-Ohio-4101.
 {¶ 23} Appellant filed a notice of appeal from the trial court's judgment entry granting appellees' motion for relief from judgment. The trial court's judgment entry is a final, appealable order pursuant to R.C. 2505.02(B)(3). See GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph one of the syllabus.
 {¶ 24} Appellant raises three assignments of error. His first assignment of error is:
 {¶ 25} "It was an abuse of discretion for the trial court to grant the motion to vacate the default judgment previously entered against Robert R. Thompson, individually, for persistent noncompliance with discovery rules and orders."
 {¶ 26} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15; see, also,GTE Automatic Electric, supra, at 150. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. *Page 8 
 {¶ 27} A reviewing court should be guided by a presumption that the findings of a trial court are correct, since "the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 28} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 29} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 30} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. *Page 9 
60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, supra, paragraph two of the syllabus.
 {¶ 31} We will begin with an analysis regarding whether appellees presented a meritorious defense. The movant does not need to prove that he or she will ultimately prevail on the asserted defense. Rather, he or she need only allege a meritorious defense. Badalamenti v. Natl. CityBank, 11th Dist. No. 2001-P-0122, 2002-Ohio-4815, at ¶ 17, citingMeyers v. McGuire (1992), 80 Ohio App.3d 644, 646.
 {¶ 32} In their answer to appellant's counterclaim, appellees denied the allegations that appellant's eviction was retaliatory in nature. In addition, Y'Teva Thompson testified that appellant was evicted from the apartment for nonpayment of rent. Thus, appellees set forth a meritorious defense to appellant's counterclaim.
 {¶ 33} Appellant argues that appellees needed to set forth a meritorious defense to the discovery violation since the trial court entered default judgment pursuant to Civ.R. 37. In regard to Civ.R. 37, the Supreme Court of Ohio has held "`[i]t is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party.'" State ex rel. DispatchPrinting Co. v. Johnson, 106 Ohio St.3d 160, 2005-Ohio-4384, at ¶ 49, quoting Toney v. Berkemer (1983), 6 Ohio St.3d 455, syllabus. Further, as this court has observed, "`the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only be *Page 10 
imposed when "the actions of the defaulting party create a presumption of willfulness or bad faith."`" (Citations omitted.) Zimmerman v. GroupMaintenance Corp., 11th Dist. No. 2003-A-0105, 2005-Ohio-3539, at ¶ 21.
 {¶ 34} The magistrate noted it was likely Robert Thompson's lack of cooperation at his deposition was a result of his "slide into incompetence." The magistrate's decision effectively held that, due to his incompetence, Robert Thompson was not capable of acting willfully or in bad faith, as is required for an entry of default judgment due to a discovery violation. Johnson, supra, at ¶ 49.
 {¶ 35} Next we turn to whether appellees met their burden of demonstrating that one of the Civ.R. 60(B) factors was applicable. Appellees advanced their motion under the (B)(5) prong, which is "any other reason justifying relief from the judgment."
 {¶ 36} The Tenth Appellate District has held that an entry of default judgment against a party at the time when that party was incompetent is appropriate grounds for relief under Civ.R. 60(B)(5). NewarkOrthorpedics, Inc. v. Brook (1994), 92 Ohio App.3d 117, 123. Other appellate districts, including this court, have also held that a party's incompetence may be sufficient to justify the granting of a motion for relief from judgment under the (B)(5) prong of Civ.R. 60. SeeClassic Oldsmobile, Inc. v. 21st Century Painting, Inc. (Feb. 12, 1999), 11th Dist. No. 98-L-040, 1999 Ohio App. LEXIS 461, *14; Citizens Bank ofLogan v. Powell (June 23, 1997), 4th Dist. No. 96CA22, 1997 Ohio App. LEXIS 2876, *12; and Vaughn v. Precision Truss and Panel, Inc. (May 25, 1989), 2d Dist. No. 11243, 1989 Ohio App. LEXIS 1904, *12-*13. *Page 11 
 {¶ 37} "Under Ohio law, the term `incompetent' means `any person who is so mentally impaired as a result of a mental or physical illness or disability * * * that the person is incapable of taking care of the person's self or property * * *.'" Columbus v. Triplett (Nov. 16, 2000), 10th Dist. No. 00AP-339, 2000 Ohio App. LEXIS 5301, *18, quoting R.C.2111.01(D).
 {¶ 38} In Vaughn v. Precision Truss and Panel, Inc. and Columbus v.Triplett, the courts held that the movants did not provide sufficient evidence of physical or mental impairments that rose to the level of rendering the individual legally incompetent and unable to tend the individual's legal obligations. Vaughn v. Precision Truss and Panel,Inc., at *12-13; Columbus v. Triplett, at *19. The Second District noted that, during the relevant time period, individual was able to "act competently with respect to other matters," was able to "maintain regular office procedure," and was described by her husband as an "intelligent woman." Vaughn v. Precision Truss and Panel, Inc., at *12-*13.
 {¶ 39} In the instant matter, the trial court found Thompson to be incompetent. This conclusion was supported by Dr. Isaacson's affidavit, where he concluded that Robert Thomson had significant memory impairment in 2004 and he was not competent to handle his legal affairs. Also, the conclusion was supported by Y'teva and Dolores Thompson's testimony that Robert Thompson was delusional and suffered from dementia. In light of this evidence, we cannot say the trial court abused its discretion by concluding that Thompson was incompetent during the relevant time periods. *Page 12 
 {¶ 40} The next issue is whether appellees' motion for relief from judgment was timely filed. The motion was filed approximately 18 months after the trial court's default judgment entry.
 {¶ 41} This court has held that a delay of one year for filing a motion for relief from judgment may be reasonable if it is shown that the party was incompetent during that time. Classic Oldsmobile,Inc., supra, at *13-*14. In addition, we note the Tenth District has held that a delay of several years is not per se unreasonable when the movant is incompetent. Newark Orthopedics, Inc., supra, at 120, 123-124. In Citizens Bank of Logan, supra, the Fourth District held that a delay of three years was unreasonable. Id. at *13. However, in addition to the delay being longer in Powell than that in the case sub judice, we note that the incompetent person had a guardian appointed for her eight months prior to her motion being filed. Id.
 {¶ 42} In this matter, we cannot say the delay of 18 months was unreasonable in light of Robert Thompson being incompetent and not having a guardian appointed to represent his interests in this matter.
 {¶ 43} Appellant notes that Thompson was represented by Attorney Jurczenko during this time. Pursuant to Civ.R. 25(E), an attorney is required to notify the court regarding the incompetency of his or her client. However, the trial court noted that Attorney Jurczenko had been suspended from the practice of law. Attorney Jurczenko was initially charged with disciplinary violations in June 2004, only three months after the trial court granted appellant's motion for default judgment and prior to the trial court *Page 13 
entering its final judgment awarding appellant damages in July 2004.Jurczenko, supra, at ¶ 1.
 {¶ 44} Attorney Jurczenko's license to practice law was suspended by the Supreme Court of Ohio for a period of two years in August 2005. Id. at ¶ 23. Recently, Attorney Jurczenko has been permanently disbarred.Cuyahoga Cty. Bar Assn. v. Jurczenko, 114 Ohio St.3d 229,2007-Ohio-3675, at ¶ 37. The Supreme Court of Ohio based its decision to disbar Attorney Jurczenko, in part, on the fact that he "deceived his clients and abandoned their cases." Id. at ¶ 34.
 {¶ 45} Appellant notes the Supreme Court of Ohio has held that an attorney's negligence may be imputed to the client. GTE AutomaticElectric v. ARC Industries, 47 Ohio St.2d 146, paragraph four of the syllabus. Initially, we note the Supreme Court of Ohio's holding applied to excusable neglect under Civ.R. 60(B)(1), not the timeliness of filing the motion for relief from judgment. Moreover, we decline to impute any negligence on behalf of Attorney Jurczenko to Robert Thompson, because Robert Thomson retained Attorney Jurczenko in January 2004, which is during the time the trial court found him to be incompetent. Again, there was evidence presented that, during 2004, Robert Thompson was suffering from a variety of health ailments, including dementia, which caused a severe loss of memory. Further, there was medical evidence presented that states Robert Thompson was incapable "of comprehending his legal obligations during 2004."
 {¶ 46} Appellant also contends that Robert Thompson had an agent, in that Dolores Thompson was his attorney in fact. Dolores Thompson testified that Robert *Page 14 
Thompson signed a durable power of attorney in January 2004 designating her as his legal representative. However, she testified she had no knowledge of the instant lawsuit. Further, she was not appointed as his guardian for purposes of this matter pursuant to Civ.R. 17(B). The fact that Robert Thomson signed a durable power of attorney is not the equivalent of the court appointing a guardian to represent his interests.
 {¶ 47} Again, we review a trial court's determination on the abuse of discretion standard. Bank One, NA, supra, at ¶ 15. Applying that highly deferential standard of review, we cannot say the trial court abused its discretion in granting the motion for relief from judgment.
 {¶ 48} Appellant's first assignment of error is without merit.
 {¶ 49} Appellant's second assignment of error provides:
 {¶ 50} "It was an abuse of discretion for the trial court to grant the motion to vacate the default judgment previously entered against the corporate and limited partnership counterclaim defendants for persistent noncompliance with discovery rules and orders."
 {¶ 51} "A partnership is an aggregate of individuals and does not constitute a separate legal entity." Arpadi v. First MSP Corp. (1994),68 Ohio St.3d 453, paragraph one of the syllabus.
 {¶ 52} Robert Thomson was the general partner of Summit Gardens Association. He made all the decisions for the business. Therefore, the trial court did not abuse its *Page 15 
discretion by granting Summit Gardens Association relief from judgment due to Robert Thompson's incompetence.
 {¶ 53} The Supreme Court of Ohio has held that "[a] corporation is an entity separate and apart from the individuals who compose it; it is a legal fiction for the purpose of doing business." (Citation omitted and emphasis in original.) Agley v. Tracy (1999), 87 Ohio St.3d 265, 268. However, our analysis does not end there. The evidence in this matter suggests that the corporate entities in this matter were closely-held corporations. The Second Appellate District has noted the following regarding closely-held corporations:
 {¶ 54} "A `close corporation' has been defined by the Ohio Supreme Court as a corporation with few shareholders and whose shares are not generally traded on a national securities exchange or regularly quoted on an over-the-counter market. * * * A close corporation is also characterized by an identity of management and ownership. * * * Because a close corporation strongly resembles a partnership, the participants often consider themselves as partners intersese while obtaining the advantages of the corporate form. * * * This resemblance has permitted courts to venture outside the laws of corporations `to borrow from allied disciplines those principles and rules which seem to best comport with the mixed nature of a close corporation form.'" (Citations omitted.) Gigax v Repka (1992), 83 Ohio App.3d 615, 620.
 {¶ 55} Robert Thompson directly controlled the various corporations in this matter. They were solely owned by him or members of his immediate family. In this matter, due to the closely-held nature of the corporations and degree of Thompson's *Page 16 
control of them, the trial court did not abuse its discretion by granting appellees' motion for relief from judgment as it related to these entities.
 {¶ 56} Appellant argues that in Classic Oldsmobile, Inc., supra, this court only held that the individual may be entitled to relief from judgment due to his alleged incompetence. He argues that the decision did not apply to the closely-held corporation. We note that only the individual appealed the decision of the trial court. Id. at *1. Thus, this court did not conduct an analysis regarding whether the individual's alleged incompetence would extend to the closely held corporation. Id.
 {¶ 57} Appellant's second assignment of error is without merit.
 {¶ 58} Appellant's third assignment of error contends:
 {¶ 59} "It was error for the trial court to grant the motion to vacate the default judgment without conditions."
 {¶ 60} Appellant argues the trial court erred in granting appellees' motion to vacate the default judgment without attaching conditions. Appellant claims appellees should still be subject to sanctions due to the discovery violations. Also, appellant asserts that appellees never paid the sanctions previously ordered by the trial court. There is nothing in the record that affirmatively demonstrates whether the sanctions were paid. Moreover, we note that trial courts are vested with broad discretion in determining sanctions for discovery violations.Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 2003-Ohio-2181, at ¶ 13, quoting Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, syllabus. This matter is being returned to the trial court's jurisdiction. At that time, appellant may file any motions for discovery sanctions, including motions to *Page 17 
enforce previously imposed sanctions. However, at this time, we cannot conclude that the trial court's failure to attach conditions to its granting of appellees' motion for relief from judgment constituted an abuse of discretion.
 {¶ 61} Appellant's third assignment of error is without merit.
 {¶ 62} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.