[Cite as *Smith v. Smith*, 2019-Ohio-129.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| KELLIE SMITH | | C.A. No. 28961 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL SMITH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. DR-2016-11-3559 |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

---

CARR, Judge.

{¶1} Michael Smith ("Husband") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion. This Court reverses.

I.

{¶2} Husband and Kellie Ann Smith ("Wife") were married in 2012. Four children were born of the marriage. In November 2016, Husband and Wife filed a petition for dissolution. The parties filed a separation agreement and a "Plan and Agreement of Parental Rights and Responsibilities[.]" Following a hearing, in January 2017, the trial court issued a decree of dissolution which incorporated the parties' separation agreement and the parenting plan. While Wife was represented by counsel, Husband was not.

{¶3} Husband did not appeal from the decree. However, in December 2017, Husband filed a motion to vacate the judgment pursuant to Civ.R. 60(B)(4), (5). Husband argued that the

separation agreement and parenting plan were unconscionable and against public policy. Notably, both documents provided that "[t]he minor children are currently covered under Medicaid. Wife agrees to maintain the children on Medicaid as long as they are eligible." Despite this, both documents failed to provide that the parties pay any cash medical support even though Husband's income was $132,000 per year. *See* R.C. 3119.30(C), (D). Husband submitted an affidavit in support of his motion. Without holding a hearing, the trial court denied the motion.

{¶4} Husband has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM A JUDGMENT WHICH DOES NOT ADDRESS CASH MEDICAL SUPPORT AND WHICH REQUIRES FATHER TO PAY IN EXCESS OF $80,000 PER YEAR TO MOTHER AS PROPERTY DIVISION AND LIFE-TIME SUPPORT, AND YET PERMITS MOTHER TO MAINTAIN THE CHILDREN ON MEDICAID.

{¶5} Husband argues in his first assignment of error that the trial court erred in denying his Civ.R. 60(B) motion. Given the very unique circumstances of this case, we agree.

{¶6} "The decision to grant or deny a motion to vacate pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." (Internal quotations and citations omitted.) *Deutsche Bank Natl. Trust Co. v. Hughes*, 9th Dist. Summit No. 28454, 2018-Ohio-1041, ¶ 8. "Civ.R. 60 is a rule of procedure that allows a party to seek relief from a judgment on a number of grounds. * * * Civ.R. 60(B)(4) permits relief if 'it is no longer equitable' to enforce the judgment, and Civ.R. 60(B)(5) permits relief for 'any other reason justifying relief.'" *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 29. "To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate

that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Hughes* at ¶ 10, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶7} "Procedural rules promulgated pursuant to the Modern Courts Amendment supersede conflicting statutes that affect procedural matters but cannot abridge, enlarge, or modify any substantive right." (Internal quotations and citations omitted.) *Morris* at ¶ 30. R.C. 3105.65(B) outlines a court's jurisdiction following the entry of a decree of dissolution:

> The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents. The court, only in accordance with division (E)(2) of section 3105.18 of the Revised Code, may modify the amount or terms of spousal support. The court may modify the division of property provided in the separation agreement only upon the express written consent or agreement of both spouses.

R.C. 3105.65(B).

{¶8} Husband argued below, and on appeal, that the separation agreement and parenting plan were unconscionable and against public policy and sought relief pursuant to Civ.R. 60(B)(4) and (5). We conclude that Husband is entitled to relief pursuant to Civ.R. 60(B)(5).

{¶9} "Relief from judgment may be granted under Civ.R. 60(B)(5) for 'any other reason justifying relief from the judgment.' Civ.R. 60(B)(5) is known as the 'catch-all provision,' but is only used in extraordinary and unusual cases when the interest of justice

necessitates it." *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 13. "Civ.R. 60(B)(5) only applies when one of the specific provisions enumerated in Civ.R. 60(B)(1) to (4) does not apply." *Id.* The grounds for relief should be substantial. *Michael D. Tully, Co., L.P.A. v. Dollney*, 42 Ohio App.3d 138, 141 (9th Dist.1987). This Court has previously concluded that a judgment that violates public policy can constitute a basis for relief under Civ.R. 60(B)(5). *See id.*

**Meritorious Defense**

{¶10} Here, Husband has a meritorious defense to present if the decree was vacated. The decree, which incorporated the parties' separation agreement and parenting plan, is unquestionably grossly inequitable, and was clearly designed to take advantage of the fact that Husband was unrepresented. *See Souders v. Souders*, 6th Dist. Sandusky No. S-98-017, 1998 WL 735336, *4 (Oct. 23, 1998) (concluding inequity in the property division constituted a meritorious defense). While the decree does not technically provide for spousal support, and deviates the child support award to zero, it nonetheless requires Husband to pay Wife substantial sums of money, often monthly, as part of the property division. Some of those payments appear to have no termination date, despite the fact that the parties were only married for five years, are both young, and there appears to be limited equity and assets in the marital estate. While both the separation agreement and the parenting plan state that the agreement is conditioned on Wife "never having had a job as an adult and being unable to make meaningful income" and Husband's income of approximately $132,000, there is nothing that explains why Wife would be "unable to make meaningful income[.]" In addition, Husband is responsible for shouldering all of the marital debt.

**{¶11}** In order to fully demonstrate the lack of equity in the decree, we will take a moment to outline some of what Husband is responsible for paying. Husband is responsible for paying for the four children's tuition at private school through high school, and if Wife opts to home school any or all of the children, the money that would have gone to tuition is to be given to Wife to put in a savings account. Husband is also responsible for all of the children's expenses, including those for extracurricular activities, clothing, and school items, as well as all out of pocket medical, dental, and vision costs. Husband has to give Wife money for the children's Christmas presents, is required to give Wife $800 a month for deposit into the children's college funds, and $1500 per month, until the youngest child is emancipated, for food, toiletries, and essentials.

**{¶12}** In addition, under the decree, Husband is required to pay all expenses in relation to the home including the mortgage, taxes, insurance, repairs, upkeep, yard maintenance, and pool expenses. If the parties were to sell the home, Husband is still required to pay Wife approximately $2,000 per month so that Wife can obtain new housing. Like several other provisions, these housing related provisions have no end date. Moreover, Husband is responsible for paying for all home utilities and a cleaning person. Husband must pay Wife's car payment until the lease ends. When the lease ends, Husband agrees to replace Wife's car and bear the costs. Husband is to bear all costs associated with car. Further, Husband is to give Wife $200 per month in cash to contribute to her IRA until the youngest child is emancipated, is to maintain Wife as the beneficiary on his two million dollar life insurance policy, and pay for all of Wife's attorney fees for the then current litigation and the fees "for any subsequent proceeding" related to the separation agreement or parenting plan.

**{¶13}** Moreover, aside from the obvious inequity in the decree, the decree omits any provision requiring either of the parties to pay cash medical support, despite the fact that Husband had an income of $132,000 and the children were on Medicaid. *See* R.C. 3119.30(C), (D). Wife herself acknowledges this omission on appeal.

**{¶14}** Based on all of the foregoing, we conclude that Husband has a meritorious defense if the decree were to be vacated.

**Husband is entitled to relief under Civ.R. 60(B)(5)**

**{¶15}** As noted above, both the separation agreement and the parenting plan contain a clause stating that: "The minor children are currently covered under Medicaid. Wife agrees to maintain the children on Medicaid for as long as they are eligible." When this clause is considered along with the rest of the decree, and in light of the omission of the provision related to cash medical support, we conclude that the clause violates public policy and also encourages possibly illegal conduct. *See* R.C. 2913.401(B)(1) ("No person shall knowingly[,] * * * in an application for enrollment in the medicaid program or in a document that requires a disclosure of assets for the purpose of determining eligibility for the medicaid program[,] [m]ake or cause to be made a false or misleading statement[.]"). While perhaps it is not against public policy to maintain children on Medicaid if they are eligible, here the entirety of the separation agreement and parenting plan were clearly set up to ensure that Wife would have little to no taxable income and thus be able to keep the children on Medicaid. None of the payments being made to Wife are structured as child support or spousal support, and instead, the vast majority are categorized as part of the property division. *See Stainbrook v. Stainbrook,* 2d Dist. Montgomery No. 11654, 1989 WL 159194, *2 (Dec. 12, 1989) ("Appellant has valid reasons to maintain the distinction between sustenance/support and property division. The former is taxable income and it

terminates at the obligor's death. The latter is not taxable income and it is a claim upon the obligor's estate at his death."). Moreover, because of the absence of a provision requiring the payment of cash medical support, neither party has to defray the cost the government would expend in providing Medicaid for the children. A provision encouraging parties to maintain their children on Medicaid when the children should not be eligible for Medicaid given the financial circumstances of the parties is undoubtedly against public policy. We determine the circumstances before us are extraordinary and Husband has presented substantial grounds justifying relief under Civ.R. 60(B)(5). *See Doyle,* 2017-Ohio-5477, at ¶ 13; *Michael D. Tully, Co., L.P.A.*, 42 Ohio App.3d at 141.

**{¶16}** Further, while the Supreme Court has concluded that a procedural rule such as Civ.R. 60(B) cannot expand the substantive rights provided by a statute, we conclude that utilizing Civ.R. 60(B) under these circumstances would not expand the rights provided by the substantive statute, R.C. 3105.65(B). *See Morris,* 148 Ohio St.3d 138, 2016-Ohio-5002, at ¶ 32. R.C. 3105.65(B) provides the trial court with jurisdiction to modify "matters pertaining to the allocation of parental rights and responsibilities for the care of the children" or "child support[.]" R.C. 3105.65(B). Notably, even the parenting plan acknowledged that the trial court had continuing jurisdiction "regarding matters relating to the[] minor children" and the "matters dealt with" in the parenting plan.

**Reasonable Time**

**{¶17}** "[T]he issue of what constitutes reasonable time for filing the motion under Civ.R. 60(B) depends upon the facts of the case[.]" (Internal quotations and citations omitted.) *Fairbanks Capital Corp. v. Heirs at Law*, 9th Dist. Summit No. 22733, 2005-Ohio-6459, ¶ 11.

Nonetheless, "[a] movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." (Internal quotations and citations omitted.) *Id.*

{¶18} Considering the unique circumstances of the matter before us, we conclude that Husband filed his motion in a reasonable time. The decree of dissolution was journalized January 17, 2017, and Husband filed his motion to vacate less than a year later, on December 11, 2017. In addition, Husband averred that "Wife's conduct has exhausted [his] income through th[e] past year, making it impossible for [him] to file th[e] motion before this time." Husband averred that he believed that the payments would be subject to modification given that the separation agreement and parenting plan indicated that the agreements were based upon Husband earning $132,000 and Wife never having had a job as an adult. Husband further averred that he only came to understand that Wife would not be willing to modify the agreements "recently." We note that Husband was unrepresented at the time the decree was issued.

**Conclusion**

{¶19} Given the foregoing, we can only conclude that the trial court abused its discretion in denying Husband's Civ.R. 60(B) motion. Moreover, we conclude that merely vacating the problematic clause concerning Medicaid in this case would not provide justice to either party. It is clear that the entire agreement was drafted in such a way as to increase the likelihood that the children would be eligible for Medicaid. Thus, this Court orders the trial court to vacate the parenting plan and separation agreement and hold further proceedings as necessary. *See Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, at ¶ 58.

{¶20} We pause to note that we see this case as an anomaly and do not believe that this disposition will lead to a flood of litigation. The trial court is ordered to vacate the parenting plan and separation agreement due to the provision in the separation agreement and parenting

plan which violates public policy. Such a condition is thankfully rare. And while there is language in *Morris* that suggests that Civ.R. 60(B)(4) and (5) are not available to a party seeking relief from a decree of dissolution, *Morris* did not involve issues related to parental rights and responsibilities; issues which the General Assembly have given trial courts continuing jurisdiction over. *See Morris* at ¶ 63; R.C. 3105.65(B). In light of the circumstances before us, we cannot say that *Morris* bars relief in this matter.

**{¶21}** Husband's assignment of error is sustained.

### III.

**{¶22}** Husband's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

CORINNE HOOVER SIX, Attorney at Law, for Appellee.