[Cite as *R.C. v. A.C.*, 2026-Ohio-2016.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

R. C.

    Appellee

    v.

A. C.

    Appellant

C.A. No.    2025CA0062-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    CR 2024DV0039

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

---

SUTTON, Judge.

{¶1} Appellant A.C. appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from the denial of A.C.'s Civ.R. 60(B) motion for relief from a domestic violence civil protection order. On March 13, 2024, Appellee R.C. filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31 against A.C. The petition alleged A.C. had abused and harassed R.C. for several years, including threatening her "that he can rape [R.C.] whenever he pleases." The petition also alleged previous "physical [and] mental abuse," including punching her and threatening to kill her. After a hearing before a magistrate, an ex parte civil protection order was issued that same day. The record indicates the Medina County Sheriff's Office personally served A.C. with the ex parte protection order on March 13, 2024.

**{¶3}** The matter was originally scheduled for a full hearing[1] to be held on March 20, 2024, but A.C. moved pro se to continue the hearing because he was going to be out of the country from March 17, 2024 to March 24, 2024. The motion to continue was granted and the matter was reset for a full hearing to be held on April 10, 2024.

**{¶4}** The day before the full hearing, Attorney John Oberholtzer filed a "Notice of Suggestion of Incompetency" and a motion to stay proceedings or, in the alternative, motion to continue on behalf of A.C. In both filings, Attorney Oberholtzer argued A.C. may be incompetent.

**{¶5}** A.C. was not present at the full hearing, however Attorney Oberholtzer was present. The magistrate briefly discussed the motion to stay or continue the proceedings. The magistrate denied the motion and proceeded with the full hearing.

**{¶6}** R.C. testified A.C. was the father of her two minor children. The petition sought protection from A.C. for R.C. as well as their two minor children. R.C. affirmed the allegations in her petition were true. She testified A.C. has punched her more than once and has threatened to kill her and rape her on more than one occasion. R.C. also testified that after the issuance of the ex parte order A.C. had threatened and harassed her and her family.

**{¶7}** On April 23, 2024, the trial court granted the full civil protection order for a period of five years, finding:

> [T]here is a well-documented history of [A.C.] causing [R.C.] physical harm in this case. This includes an incident during which [A.C.] punched [R.C.] in the face while she was holding their son. He has also made numerous threats to cause her physical harm. This includes ongoing threats to rape and kill [R.C.].

---

[1] R.C. 3113.31 allows the trial court to issue an ex parte civil protection order but requires that the respondent be served with the petition and ex parte order and be given the opportunity to be heard at a full hearing. R.C. 3113.31(D)(1) and (2).

The trial court also found since the ex parte order was issued, A.C. had been charged with multiple violations of the protection order and had multiple outstanding warrants for his arrest.

{¶8} Notice of the full civil protection order was sent to A.C. at the address listed for him with the court, and also to Attorney Oberholtzer.

{¶9} On July 29, 2024, A.C. filed a "property request" pro se seeking to recover personal property from R.C.'s residence. A.C. did not provide an address on the filing nor did he raise any issue concerning service or notice of the full civil protection order. The "property request" was subsequently dismissed without prejudice.

{¶10} On July 29, 2025, more than a year after the full civil protection order was issued, A.C. filed a "[Civ.R.]60(B) Motion" for relief from judgment, stating he was out of the country until May 29, 2024, and upon his return to the country, he was arrested by "customs." The motion also alleged A.C. was homeless for approximately three months and he "never received notice from the [c]ourt nor his counsel." A.C. stated he was hospitalized in a psychiatric facility in Uzbekistan on or about April 10, 2024, and he first learned of the issuance of the full civil protection order upon his arrest by customs when he returned to the United States. The Civ.R. 60(B) motion listed as A.C.'s address his former residence, which is the same address used by the trial court to serve notice of the full civil protection order.

{¶11} The trial court denied A.C.'s Civ.R. 60(B) motion in an August 7, 2025 judgment entry, stating A.C. had never filed a change of address with the court and even in the filing of his Civ.R. 60(B) motion, his listed address was the residence where he cannot legally be present. The trial court further stated A.C. was represented by counsel at the hearing on April 10, 2024, and A.C. did not appear for the full hearing despite being properly served and notified.

{¶12}   A.C. filed a subsequent Civ.R. 60(B) motion, which the trial court construed as a motion for reconsideration and denied in an August 26, 2025 order, stating, "[A.C.] is attempting to obtain a different result with the same information, or information available to him at the time of his original 60(B) motion."  A.C. has not appealed that order.

{¶13}   A.C. appeals the trial court's August 7, 2025 judgment entry, raising five assignments of error for our review.  To facilitate our analysis, we have grouped some assignments of error.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY COMMENCING THE HEARING WITHOUT DUE PROCESS; THE MAGISTRATE PROCEEDED IN THE ABSENCE OF [A.C.].**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT FAILED TO EXERCISE INITIATIVE TO CORRECT A DOCUMENTED AND IMMEDIATELY ACKNOWLEDGED ERROR.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY VIOLAT[ING] RULES OF CIVIL PROCEDURE: [A.C.] WAS NOT PROPERLY SERVED WITH A NOTICE OF JUDGMENT.**

{¶14}   A.C. argues in his first assignment of error the trial court erred in proceeding with the full hearing in A.C.'s absence.  In his second assignment of error, A.C. argues the trial court used an incorrect residential address to serve him with notice, and in his third assignment of error he argues he was not properly served with notice of the judgment.

{¶15}   A.C. has not appealed the full civil protection order.  Rather, he has appealed the denial of his Civ.R. 60(B) motion for relief from judgment. In that motion, A.C. argued he was out

of the country on the date of the full hearing and alleged a lack of service and notice, therefore we will analyze his first three assignments of error in the context of that motion.

{¶16} In his motion for relief from judgment, A.C. cited Civ.R. 60(B)(5), also known as the "catch-all" provision of the rule. *Thornton v. Borstein*, 2021-Ohio-2231, ¶ 24 (9th Dist.). Civ.R. 60(B)(5) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> . . .
>
> (5)    Any other reason justifying relief from the judgment. The motion shall be made *within a reasonable time*[.]

(Emphasis added.)   Civ.R. 60(B)(5) is reserved for extraordinary and unusual cases when the interests of justice necessitate it and "[t]he grounds for relief should be substantial." *Thornton* at ¶ 24, quoting *Smith v. Smith*, 2019-Ohio-129, ¶ 9 (9th Dist.).  Moreover, "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12.

{¶17} A reviewing court reviews a decision denying a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988); *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).  An abuse of discretion is more than an error of judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, we may not simply substitute our own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶18} To prevail on a Civ.R. 60(B) motion, A.C. was required to establish: (1) a meritorious claim or defense in the event relief is granted; (2) entitlement to relief under one of

the provisions of Civ.R. 60(B); and (3) timeliness of the motion. *Strack* at 174, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Whether a Civ.R. 60(B) motion is made within a reasonable time depends on the facts of the case and the movant must offer some operative facts or evidential material demonstrating the timeliness of the motion. *Smith* at ¶ 17.

{¶19} Here, A.C. alleged improper service of the full protection order. A.C. further alleged in his Civ.R. 60(B) motion that he was hospitalized in a psychiatric facility in Uzbekistan on the date of the rescheduled April 10, 2024 hearing and that he was arrested by customs on May 29, 2024 upon his return to the United States, which is when he first learned of the April 23, 2024 full civil protection order. A.C. asserts in his motion that he was "restored to competency" before his return home.

{¶20} A.C.'s purported meritorious defenses appear to be he was not properly served with the full civil protection order and he was incompetent at the time of the full hearing. A.C. admits he became aware of the full civil protection order in May 2024 when he was arrested by customs. His Civ.R. 60(B) motion was filed on July 29, 2025, approximately 14 months after A.C. by his own admission was "restored to competency," and 14 months after he first learned of the April 23, 2024 full civil protection order. As of May 2024, A.C. was aware of the civil protection order and the reasons for his absence from the hearing, yet he waited for more than a year to file his Civ.R. 60(B) motion for relief from judgment. During that time, he filed a "property request" in which he did not mention the alleged lack of service and notice nor his purported incompetency.

{¶21} In addition, we observe the term "incompetent" has specific legal meanings in different contexts. A criminal defendant may be incompetent to stand trial pursuant to R.C. 2945.37 et seq. However, this is a civil case and this standard does not apply. A person may also

be declared incompetent as defined in R.C. 2111.01 and in need of a court-appointed guardian pursuant to R.C. 2111.02. A.C. does not allege he had been found to be incompetent by any court at the time of the full hearing.

{¶22} Nevertheless, assuming without deciding that A.C. could prove he was "incompetent" and in need of a guardian at the time of the full hearing, which may constitute a meritorious defense if relief from judgment were granted, *see, e.g., Summit Gardens Assn. v. Lemongelli*, 2007-Ohio-6720, ¶ 36 (11th Dist.); *Sturges v. Longworth*, 1 Ohio St. 544, 556-557 (1853), he has not demonstrated his Civ.R. 60(B) motion was made within a reasonable time.

{¶23} We conclude the trial court did not abuse its discretion in overruling A.C.'s motion for relief from judgment. This is not the "extraordinary and unusual case" where the interests of justice necessitate relief. *Thornton* at ¶ 24.

{¶24} Accordingly, A.C.'s first, second, and third assignments of error are overruled.

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED BY ALLOWING AN [UNAUTHORIZED] ATTORNEY TO PARTICIPATE IN THE CASE[.]**

{¶25} A.C. argues in his fourth assignment of error he did not authorize Attorney Oberholtzer to represent him at the April 10, 2024 hearing and alleges Attorney Oberholtzer failed to conduct proper research or gather supporting documentation. He further argues evidence was concealed or destroyed and challenges R.C.'s testimony concerning security cameras at her residence. However, A.C. did not raise these issues in his Civ.R. 60(B) motion and has forfeited the issues on appeal. It is axiomatic that a litigant's failure to raise an issue at the trial court level forfeits the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991), *overruled on other grounds by Collins v. Sotka*, 81 Ohio St.3d 506 (1998). *See also Deutsche Bank Nat'l Tr. Co. v. Stone*, 2021-Ohio-3007, ¶ 12 (10th Dist.). When a party forfeits

an argument by failing to raise it in the trial court, he still may argue plain error on appeal. *See In re G.M.*, 2015-Ohio-582, ¶ 27 (9th Dist.). A.C. has not developed a plain error argument and this Court will not sua sponte undertake a plain error analysis. *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 2015-Ohio-46, ¶ 24 (9th Dist.).

**{¶26}** Accordingly, A.C.'s fourth assignment of error is overruled.

**<u>ASSIGNMENT OF ERROR V</u>**

**THE TRIAL COURT ERRED BY RELYING ON FRAUDULENT AND MISREPRESENTED ACCUSATIONS PRESENTED WITHOUT DOCUMENTED EVIDENCE AND BASE[D] SOLELY ON EMOTIONAL ASSERTIONS.**

**{¶27}** A.C. argues in his fifth assignment of error that R.C.'s attorney "misrepresented the timeline and legitimacy of [A.C.'s] name change." A.C. was formerly known as Oleg Obolenskyy and had legally changed his name to A.C. A.C. also argues R.C.'s entire testimony was false and uncorroborated. Again, A.C. failed to raise these issues in his Civ.R. 60(B) motion and has thus forfeited the issues on appeal. A.C. has not developed a plain error argument and we will not develop one for him.

**{¶28}** Accordingly, A.C.'s fifth assignment of error is overruled.

III.

**{¶29}** For the forgoing reasons, A.C.'s assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

A. C., pro se, Appellant.

ANDREW KORDUBA, Attorney at Law, for Appellee.